ALPHONSO RODMAN, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Motion No. 2683.)

Court of Claims, July 21, 1954.

*Gustave G. Rosenberg* and *Lawrence M. Rosenberg* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Fred I. Zabriskie* of counsel), for defendant.

SYLVESTER, J. Upon this motion for leave to file a claim, it appears that on April 22, 1953, claimant, while employed as a laborer by a demolition company, suffered very severe injuries when the ceiling of a building in which he had been working collapsed and struck him. He was hospitalized from April 22, 1953, to November 25, 1953. As a result of the accident, he is paralyzed from the waist down, has no control over his bladder and other organs below his waist and has been advised by his physician that he will never be able to walk again. In November, 1953, he retained counsel to examine into the merits of any claim he might make arising out of the occurrence. The City of New York is the record owner of the property where the accident took place. Believing that the city was in control of the property and that it had engaged claimant's employer to demolish the building, and in the belief that his suit would lie against the city, claimant applied to the Supreme Court, Kings County, for an order permitting service of a notice of claim against it, the statutory period for filing having elapsed. That order was granted and claimant proceeded diligently enough against the city until it developed upon an examination before trial that the building in which the accident happened had been turned over to the State for demolition in connection with a State highway project. Claimant now reaches to this forum for his day in court. There is no serious contention by the State that claim-

ant has failed to make a showing of reasonable excuse for his failure to file. And, though the State had requested an opportunity to make further submission on the issue of prejudice, it now affirmatively appears by the Attorney-General's candid letter of July 14, 1954, that the State was aware of the accident on or about the date of its occurrence and '' had actual notice of the facts and circumstances '' thereof. Thus, it appears that the State has not been substantially prejudiced by the failure to file within the time limited therefor by statute. Motion for leave to file claim is therefore granted with the direction that the claim be filed within thirty days from the date of entry of the order to be submitted hereon.